Faith v. Taylor.

## Charles Faith v. Wm. H. Taylor.

69  419
79  349

1. LANDLORD AND TENANT—*Permission to Tenant to Sell Crop Waives Lien.*—If a landlord authorizes a tenant to sell the crop raised on his land, and a purchaser is aware of this fact, he may make payment to the tenant, and if he does so will not be liable to the landlord.

**Trespass on the Case,** for impairment of a lien. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

W. E. REDMON, attorney for appellant.

MILLS BROTHERS, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action on the case, in which the plaintiff alleged that, being the owner of certain land, he leased the same to one Lill for certain rent to be paid in money; that the said Lill raised a quantity of corn on the land upon which the plaintiff had a lien for his rent, and that while said lien was subsisting, the rent being due and unpaid, said Lill sold the corn to defendant, who well knew that Lill was the tenant of the plaintiff, and that the corn was raised upon the demised premises; that defendant converted the corn to his own use, and thereby plaintiff was deprived of his lien, wherefore he sought to recover the value of so much thereof as would be necessary to pay the rent.

The defendant pleaded the general issue, and upon trial by jury there was a verdict for $254.80, upon which judgment was rendered. The defendant has appealed.

The evidence sufficiently established the allegations of the declaration as to the tenancy, and the knowledge thereof by the defendant at the time of the purchase, but the defense relied upon was that the plaintiff, after his rent was due, authorized the tenant to sell the corn, and that defendant knew that fact when he bought. Is this a defense? In the case of Finney v. Harding, 136 Ill. 573, the Supreme Court

held, that under our statute the landlord having no right of property in the crop raised by the tenant, and no right of possession by virtue of his mere lien, can maintain no action against the purchaser except for a fraudulent act intended to impair the lien. The gist of the right of recovery is declared to be the wrongful or tortious act of defendant, or the omission of some legal duty, in consequence of which injury has resulted to the plaintiff.

In that case, for the first time, the question was directly presented whether an innocent purchaser without notice was liable to the landlord, and it was answered in the negative.

In view of the doctrine thus announced, which is well supported by the authorities cited, it seems very clear that where the landlord authorizes the tenant to sell and receive the proceeds, and where the purchaser is aware of the fact, there can be no recovery.

In such case there is no fraudulent act by the purchaser calculated to impair the landlord's security—nothing wrongful or tortious. When the landlord permits the tenant to sell, he permits him to receive the purchase money. Though the purchaser knows of the landlord's lien, yet he knows also that the tenant is selling with such permission, and in paying the money to him he is doing no more than the landlord has authorized. To allow the landlord to hold him, under such circumstances, would be unjust and inequitable. The judgment will be reversed and the cause remanded.