## John Bowers v. Ethel W. Davis and Henry Jenne.
## John Bowers v. John Roberts.

1. LANDLORD AND TENANT—*Lien for Rent—Remedies.*—A landlord, by virtue of our statute, under a lease for cash rent, has no right of property in the crops grown by his tenant on the demised land, and no right of possession thereof by virtue of his lien merely. He can maintain no action against the purchaser thereof, except for a fraudulent act of his, intended to impair the landlord's lien.

2. SAME—*Enforcement of Statutory Liens.*—To enforce a statutory lien the landlord must proceed to foreclose same in a direct proceeding therefor, and can only hold third parties dealing with the property upon which his lien attaches, when such third parties have done some wrongful or tortious act, or omitted some legal duty, whereby they have caused him to be injured with respect to his lien thereon.

3. ACTION—*Of Trespass on the Case.*—The action of trespass on the case is to recover for a tort, and where the evidence discloses no tortious

or fraudulent acts committed by the defendant by which the plaintiff has been injured, there can be no recovery.

**Trespass on the Case,** for wrongfully converting the landlord's rent corn. Trial in the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Finding for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

JOHN V. BURNS and FRANK SPITLER, attorneys for appellant.

I. R. MILLS and E. J. MILLER, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

These cases were tried together in the Circuit Court of Moultrie County, without a jury, and in each the court found against the plaintiff and gave judgment against him for costs; he brings them to this court by appeal. They were actions on the case, in which the appellant set up that, being the owner of certain land, he leased it to one Hawkins for cash rent; that Hawkins grew a quantity of corn on this land, upon which appellant had a landlord's lien for his rent, and while his lien was in force, and his rent due and unpaid, Hawkins sold the corn to appellees, they knowing that Hawkins was the tenant of appellant, and that the corn was grown upon the land of appellant leased to Hawkins; that the appellees wrongfully converted the corn to their use, and thereby the appellant was deprived of his lien, wherefore appellant seeks to recover the value of so much of the corn converted as will be necessary to pay his rent.

The appellees in each case interposed only a plea of the general issue; and upon the trial, it was shown, in addition to the facts above stated, that the appellant, after his rent was, due consented that Hawkins might sell the corn in question, and so informed the appellees, but stated to appellees, after they had purchased the corn, that he expected Hawkins to pay him his rent out of the proceeds of the corn.

The evidence clearly shows that the appellant was under the impression, and brought his suits upon the theory, that he could compel the appellees to pay him the amount of his rent out of the proceeds of this corn, because they knew he had a lien on this corn for his unpaid rent, notwithstanding his having consented to the sale of the corn.    But the law, we think, is that a landlord, by virtue of our statute, under a demise like in this case, has no right of property in the crops grown by his tenant on the demised land, and no right of possession thereof by virtue of his lien merely; he can maintain no action against the purchaser thereof, except for a fraudulent act of his, intended to impair the landlord's lien; to enforce this statutory lien the landlord must proceed to foreclose same in a direct proceeding therefor, and can only hold third parties dealing with the property upon which his lien attaches, when such third parties have done some wrongful or tortious act, or omitted some legal duty, whereby they have caused him to be injured with respect to his lien thereon.    The forms of action in these cases at bar were case, to recover for tort, and the evidence disclosed no tortious or fraudulent acts committed by these appellees, by which the appellant was injured.

This precise question was before the Supreme Court in the case of Finney v. Harding, 136 Ill. 573, and this court also, in the case of Faith v. Taylor, 69 Ill. App. 419; and the holding in each is against appellant's contention in both of these cases.    The Circuit Court committed no error in its holding or judgment in either of these cases, and the judgment in each is ordered affirmed.